Doc: 00221399
Book: 2725 Page: 82

Case 1:22-cv-10501-WGY Document 1 Number of Pages 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HERB CHAMBERS 1188, Inc., d/b/a )<br>HERB CHAMBERS JAGUAR )<br>LAND ROVER BOSTON, )<br> )<br>  Plaintiff, )<br> )<br>  v. )<br> )<br>DERIC MARCELL THOMPSON, )<br> )<br>  Alleged Defendant. )<br> ) | Civil Action No. 1:22-CV-10501-WGY |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

  Plaintiff's (HERB CHAMBERS) counsel's resort to litigation was not necessary. Alleged Defendant (DERIC MARCELL THOMPSON) tried to handle the matter privately and administratively (See Exhibit 6), where alleged Defendant replied to presentment from counsel of plaintiff.

  *First,* Counsel upon receipt of alleged Defendant's response to the original presentment was to respond, "The positions you have asserted in your letter are without any basis in fact or law, including the notion that my client is required to respond to your inane 'proof of claim' inquiries. The demand is unconditional and requires unconditional response." Plaintiff's Counsel omitted the first page of alleged Defendant's presentment where it was addressed to him (See Exhibit 6) along with copy sent to his Client the Plaintiff via Certified Mail. There was opportunity to resolve the dispute without litigation and the wasting of taxpayer dollars.

  *Second,* The Plaintiff's injunction should not be issued\ because it would change the status quo, rather than preserve the status quo. "The purpose of a preliminary injunction is to maintain the situation in status quo until the merits can be determined."The Thayer Co. v. Binnall, 326 Mass. 467, 479 (1950). "A preliminary injunction is, by definition, an interlocutory order entered to preserve temporarily the status quo pending a full trial on the merits."In re McKnight, 406 Mass. 787, 792 n.4

Doc: 00221399
Book: 2725 Page:    83

(1990). The Plaintiff is not harmed in any way shape or form financially, as it brings in more than $2.5 billion ($2,500,000,000) annually.

    *Third,* Noting, the counsel of Plaintiff intentionally left out key detailed elements within the so-called "Verified Complaint". Obviously, to sway the Honorable Court's opinion in its favor for injunction.

Lastly, Plaintiff's counsel did not follow the Federal Rules of Civil Procedure (Rule 4(a)(1)(D) "state the time within which the defendant must appear and defend"), within its Summons (See Exhibit pic of summons). Alleged Defendant became aware of scheduled hearing with the Honorable Court via text from a relative. That an article about the Plaintiff's complaint against the Alleged Defendant was published by an online News Outlet on April 12, 2022 (See Exhibit 3). Then on April 13, 2022 a day after learning of the date of the hearing from the Online News Outlet. Received email from Plaintiff's counsel advising of the date and approximate time of the hearing (See Exhibit). When did Plaintiff's counsel learn the hearing date, and why was it not listed within the summons served? Was this done intentionally to minimize the amount of time the alleged Defendant had to respond to the summons and complaint?

    Wherefore, the alleged Defendant prays that this Honorable Court deny the Plaintiff's preliminary injunction based on not following rules of Federal Rules of Civil Procedure (Rule 4(a)(1)(D) and intentionally omitting date and time of hearing (See Exhibit 3). Also due to counsel's opportunity to handle this privately and administratively back in February (See Exhibit 6).

Respectfully Submitted without prejudice,

DERIC MARCELL THOMPSON
*ens legis*
By *Deric-Marcell: Thompson*
*sui juris*
c/o 233 Halsey Road
dmtdmt77@pm.me
Woonsocket, Rhode Island [02895]
