UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HERB CHAMBERS 1188, Inc., d/b/a HERB CHAMBERS JAGUAR LAND ROVER BOSTON,<br><br>        Plaintiff,<br><br>v.<br><br>DERIC MARCELL THOMPSON,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:22-cv-10501-WGY |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Now comes the defendant in counterclaim, Herb Chambers 1188 Inc. ("Chambers") and for its answer to the counterclaim of Deric Marcell Thompson ("Thompson") in the above-captioned matter states as follows:

6.  Chambers admits the allegations set forth in this paragraph and admits that Exhibit 1 to the Complaint is a true and accurate copy of the text exchange between the parties.

7. As to the allegations in the first sentence, Chambers admits that it has stated that the Motor Vehicle Purchase Contract required Thompson to pay the cash amount simultaneously with the vehicle's delivery but otherwise denies the allegations of this sentence. Chambers admits the allegations of the remaining sentences.

8. As to the allegations in the first sentence, Chambers admits only that it sent a copy of the Motor Vehicle Purchase Contract signed by its representative to Thompson based on his fraudulent representation that it was needed to provide to his "trustee" to obtain funding, otherwise denied. As to the allegations in the second sentence, denied. As to the allegations in the third sentence, denied and further answering that Thompson deceived Chambers into sending

1

the Motor Vehicle Purchase Contract signed by its representative as part of his fraudulent scheme. As to the allegations in the fourth and fifth sentences, the document referred to speaks for itself.

9. Chambers answers that the document referred to speaks for itself.

10. Chambers admits that there was an exchange of emails and answers that the documents referred to speak for themselves.

11. Chambers admits that there was an exchange of emails and answers that the documents referred to speak for themselves.

12. Chambers admits only that it signed for and received Thompson's "Conditional Acceptance" by mail, that this document speaks for itself, and that a true copy of the document is attached to Thompson's in Exhibit 2. As to the remainder of the allegations in this paragraph, they do not constitute facts but rather questions and demands and therefore Chambers neither admits nor denies them.

13. Chambers denies the allegations and characterizations of this paragraph.

14. As to the allegations of this paragraph, Chambers admits only that it filed a Complaint asserting, among other things, that Thompson has no security interest and that he filed a fraudulent UCC financing statement. Chambers denies all other allegations and characterizations of this paragraph.

15. Chambers admits it contacted the Boston Police Department on February 5, 2022 to report its concern over Thompson's attempt to perpetrate a fraud on Chambers. As to the remainder of allegations in this paragraph, Chambers is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore neither admits nor denies same but calls upon Thompson to prove them to the extent they are material.

16. As to the allegations in the first sentence, Chambers admits that it sent a demand through counsel on February 9, 2022 via certified and first-class mail and states that the document speaks for itself. As to the allegations in the second sentence, Chambers admits that Thompson responded with a "Conditional Acceptance for Proof of Claim for Amendment of UCC Financing Statement" which he sent via certified mail. The remainder of the allegations in this paragraph do not assert facts but constitute legal conclusions, argument, and inquiry to which no response is therefore required. To the extent they purport to state facts, they are denied.

17. As to the allegations of this paragraph Chambers admits only that it responded to the "Conditional Acceptance" referred to by a letter from its counsel dated February 21, 2022. Chambers denies all other allegations, characterizations, and legal conclusions of this paragraph.

18. Chambers admits only that it received the "Conditional Acceptance for Proof of Claim for Amendment of UCC Financing Statement" and that the document speaks for itself. The remainder of the allegations of this paragraph do not constitute facts and therefore Chambers neither admits nor denies them.

19. As to the allegations set forth in the first sentence, these constitute a legal conclusion to which no response is required. As to the allegations set forth in the second sentence, Chambers admits only that it filed a Verified Complaint and that the document speaks for itself. As to the allegations in the third sentence, denied. As to the allegations in the fourth sentence, these constitute a legal conclusion to which no response is required. As to the allegations in the fifth sentence, Chambers states that the Motor Vehicle Purchase Contract speaks for itself.

20. Chambers denies the allegations and characterizations of this paragraph.

## CAUSES OF ACTION

Chambers denies the allegations set forth in this introductory paragraph.

## COUNT I

21. The defendant in counterclaim repeats and realleges its answers to paragraphs 6 – 20 above as if fully set forth herein.

22. Chambers admits that it has asserted there is no binding contract but otherwise denies the allegations and characterizations of this paragraph.

23. Chambers admits that it has asserted there is no security agreement but otherwise denies the allegations and characterizations of this paragraph.

24. Chambers denies the allegations set forth in this paragraph.

## COUNT II

25. The defendant in counterclaim repeats and realleges its answers to paragraphs 6 – 24 above as if fully set forth herein.

26. As to the allegations in the first and second sentences, Chambers is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore neither admits nor denies same but calls upon the plaintiff in counterclaim to prove them to the extent they are material. As to the allegations in the third sentence, Chambers denies the allegations, characterizations, and legal conclusions set forth.

27. Chambers denies the allegations and characterizations of this paragraph.

28. Chambers denies the allegations and characterizations of this paragraph.

## CLAIMS AND RELIEF

Further answering, Chambers says that the plaintiff in counterclaim is not entitled to the damages claimed or the relief demanded.

### FIRST AFFIRMATIVE DEFENSE

Chambers incorporates herein by reference each and every allegation, claim and defense set forth in the complaint asserted in this matter against the plaintiff in counterclaim.

### SECOND AFFIRMATIVE DEFENSE

Each and every allegation of the counterclaim fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The counterclaim is barred because plaintiff in counterclaim has not been caused any damage by any conduct of Chambers.

### FOURTH AFFIRMATIVE DEFENSE

The counterclaim is barred because Chambers' actions, if any, were neither the cause in fact nor the proximate cause of plaintiff in counterclaims' injury, if any.

### FIFTH AFFIRMATIVE DEFENSE

The counterclaim is barred because plaintiff in counterclaim willfully and intentionally violated the duties he owed to Chambers.

### SIXTH AFFIRMATIVE DEFENSE

The counterclaim is barred because any alleged liability of Chambers to plaintiff in counterclaim is set off by plaintiff in counterclaims' liability to Chambers as alleged in the Complaint in this matter.

### SEVENTH AFFIRMATIVE DEFENSE

The counterclaim is barred for lack of valid consideration.

### EIGHTH AFFIRMATIVE DEFENSE

The counterclaim is barred because there was no meeting of the minds between the parties and, therefore, there is no enforceable agreement.

### NINTH AFFIRMATIVE DEFENSE

Chambers' actions had a lawful purpose and Chambers utilized lawful means.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff in counterclaims' action is barred because Chambers' conduct was privileged.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff in counterclaims' action is barred because he has unilaterally modified and/or altered his agreements and proposed contracts with Chambers and therefore such agreements did not become binding.

**WHEREFORE**, Chambers requests that this Court grant the following relief:

a. dismiss the counterclaim in its entirety with prejudice;

b. award defendant in counterclaim its costs and attorney's fees; and

c. award such other and further relief as the court deems just and proper.

Respectfully submitted,
HERB CHAMBERS 1188, INC.
By its attorneys,

  /s/ Edward C. Cooley
Edward C. Cooley BBO# 550117
Abigail C. Hogan BBO# 707299
GIARRUSSO, NORTON, COOLEY
& MCGLONE, P.C.
308 Victory Road
Quincy, MA 02171
(617)770-2900

## CERTIFICATE OF SERVICE

I, Edward C. Cooley, hereby certify that a true copy of the foregoing document was served this day upon the defendant by email and first-class mail.

DATED: 5/11/22

*/s/ Edward C. Cooley*
Edward C. Cooley
