UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HERB CHAMBERS 1188, Inc., d/b/a HERB CHAMBERS JAGUAR LAND ROVER BOSTON, <br><br> Plaintiff, <br><br> v. <br><br> DERIC MARCELL THOMPSON, <br><br> Defendant. | Civil Action No. 1:22-cv-10501-WGY |

### PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS

On June 30, 2022, this Court (Young, J.), at the close of trial in this action, allowed plaintiff's Rule 11 Motion for Sanctions that had been served upon the defendant on May 5, 2022 and filed with Court on June 30, 2022 in accordance with the safe harbor provisions of Fed. R. Civ. P. 11. The Court allowed plaintiff's counsel 30 days to file a petition for attorneys' fees. In accordance with the Court's Order, the plaintiff files this petition and the supporting affidavit of Edward C. Cooley. As discussed in more detail below, the plaintiff requests an award of fees in the amount of $41,457.00 and an award of costs in the amount of $587.25.

**1. The Amount of an Award of Fees Should be Calculated Based on the Lodestar.**

Lodestar is the appropriate method to apply in determining reasonable attorneys' fees under Rule 11. See King v. Fleming, 899 F.3d 1140 (10th Cir. 2018). The lodestar is "the product of the number of hours appropriately worked times a reasonable hourly rate or rates." Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011). The moving party bears the burden of producing appropriate documentation to support their lodestar calculation. Id. Relevant

1

documents may include, but are not limited to, "contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates." Id. The opposing party may counter these calculations, and the court may "subtract [ ] duplicative, unproductive, or excessive hours." Id. (alteration in original) (quoting Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir.2001)) (internal quotation marks omitted).

When calculating the lodestar figure, courts must determine a reasonable hourly rate for the work performed; a reasonable hourly rate can be determined by looking at the prevailing market rates in the relevant community. Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1190 (1st Cir.1996) (citing Blum v. Stenson, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). The party petitioning for an award of attorneys' fees bears the burden "to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 896 n. 11, 104 S.Ct. 1541. The Court may also consider "the type of work performed, who performed it, the expertise that it required, and when it was undertaken." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 951 (1st Cir.1984).

**2.      The Hourly Rates Billed by Counsel are Below Fair Market Rate.**

Chambers' lead counsel, Edward Cooley has 35 years of experience as an attorney, during which time he has focused his practice primarily on business litigation and environmental litigation. He has litigated and/or tried dozens of such matters involving issues such as trade secrets, copyright, covenants not to compete, breaches of contract, securities fraud, franchise agreement disputes, distributorship agreement disputes, and arising under environmental laws

such as CERCLA and the Resource Conservation and Recovery Act, and a host of other business and environmental related disputes. (Affidavit of Edward Cooley, filed herewith, ¶ 3).

Based on peer ratings of his abilities and ethics Mr. Cooley has been, since 1995, an AV Preeminent Peer Rated Attorney in Martindale Hubbel. This rating is given to attorneys who are ranked at the highest level of professional excellence for their legal expertise, communication skills, and ethical standards by their peers. (Cooley Aff. ¶ 4). The ratings of his peers have also resulted in his designation as a SuperLawyer in every year since 2006 and inclusion in America's Best Lawyers since 2019. (Cooley Aff. ¶ 5).

Mr. Cooley's associate counsel, Abigail Hogan, has a practice focused on state and federal environmental litigation and commercial litigation. Ms. Hogan is a 2020 cum laude graduate of Vermont Law School where she served as a Symposium Editor on the Vermont Journal of Environmental Law. During law school, she interned with Conservation Law Foundation, spearheading the creation of the Rhode Island chapter of the Legal Food Hub. Prior to law school, Ms. Hogan graduated from Villanova University in 2017 with a degree in political science and a minor in Spanish. (Cooley Aff. ¶ 6.)

As set forth in the affidavit of Edward Cooley, plaintiff's lead counsel, the rates charged to Chambers are below the rates usually charged for his time and for Attorney Hogan's time. This is in recognition of the volume of work they perform for various Herb Chambers entities. (Cooley Aff. ¶¶ 7-8). Defendant is derivatively obtaining the benefit of those discounts.

Even in the in the absence of those discounts, however, both Mr. Cooley's and Ms. Hogan's rates are objectively reasonable. Attached as Exhibit 1, to Mr. Cooley's affidavit is a true and accurate copy of a chart of legal fee awards (without supporting exhibits) submitted to this Court in the matter of Carpaneda v. Domino's Pizza, Inc., 89 F.Supp.3d 219 (2015) and on

which the Court (Young, J.) relied in determining that $425 per hour and $275 per hour were appropriate rates for attorneys with 22 and 5 years of experience respectively. Here, seven years later, the chart is of even more force given increased rates over time and the fact that Mr. Cooley has 35 years of experience. Ms. Hogan's rate is also in line with the associate attorney in Carpaneda who had 3 years more experience but whose rate was also $40.00 an hour higher than Ms. Hogan's. (Cooley Aff. ¶ 10).

3.  **All Requested Hours Constituted Time Reasonably Spent in This Case.**

As set forth in the invoices submitted as Exhibit 2 to Mr. Cooley's affidavit, which are based on contemporaneously kept time records, Mr. Cooley recorded 82.65 and Abigail Hogan recorded 63.60 hours. (Cooley Aff. ¶¶ 11, 13; Exhibit 2). All of these hours constituted "time reasonably spent" in this case.

First, the attached records were created on a contemporaneous basis (Cooley Aff. ¶ 11) and therefore provide an accurate reflection of the amount of time actually spent presenting the case.

Second, the financial interests at stake in this litigation were significant: the defendant claimed a security interest in $2.7 Million of Chambers' inventory and his purported security interest violated Chambers' inventory financing.

Third, the nature of this case and the issues it presented required significant effort, particularly in light of defendant's rambling and discursive pleadings, filings, claims and arguments. Litigating this case required conducting an initial investigation, substantial legal research into the myriad issues and claims made by the defendant, opposing a motion to dismiss, and preparing for and conducting trial.

Fourth, the result obtained by Chambers (i.e., prevailing on every count, including obtaining declaratory judgments, injunctive relief and statutory damages, as well as dismissal of all counterclaims) warrants a full award of fees.

**4.     Chambers is Entitled to an Award of Costs.**

Chamber is entitled to recover its costs pursuant to Fed. R. Civ. P. 54 (d)(1). As reflected on the submitted invoices, Chambers incurred costs in the amount of $511.25 for filing fees, service fees, and transcript costs. (Cooley Aff. ¶ 13).

## CONCLUSION

For the foregoing reasons, Chambers respectfully requests that the Court award him attorneys' fees in the amount of $41,457.00, and an award of costs in the amount of $511.25.

>Respectfully submitted,
>HERB CHAMBERS 1188, INC.
>By its attorneys,
>
>  /s/ Edward C. Cooley
>Edward C. Cooley BBO# 550117
>Abigail C. Hogan BBO# 707299
>GIARRUSSO, NORTON, COOLEY
>& MCGLONE, P.C.
>308 Victory Road
>Quincy, MA 02171
>(617)770-2900

## CERTIFICATE OF SERVICE

I, Edward C. Cooley, hereby certify that a true copy of the foregoing document was served this day upon the defendant by email and first-class mail.

DATED: 7/28/22

> /s/ Edward C. Cooley
>Edward C. Cooley